Filed 1/25/23  P. v. Maddox CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>QUINTON MADDOX, JR.,<br><br>Defendant and Appellant. | B317642<br><br>(Los Angeles County<br>Super. Ct. No. KA088924) |

APPEAL from an order of the Superior Court of Los Angeles County, Mike Camacho, Judge.  Affirmed.

Tracy J. Dressner, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, David E. Madeo and Nicholas J. Webster, Deputy Attorneys General, for Plaintiff and Respondent.

—————————

Quinton Maddox appeals from an order summarily denying, without appointing counsel, his petition for resentencing under Penal Code former section 1170.95.[1]  We affirm.

## BACKGROUND

A jury convicted Maddox of second degree murder in 2011.  In our opinion on his direct appeal, we set forth the following facts, which we include here solely to provide background and context for the parties' arguments; we do not rely on them to resolve this appeal:

On March 26, 2009, eight to 10 people, including Maddox and Ocie May, gathered in an alley in the City of Covina.  A fight broke out between May and another individual, at the end of which Maddox drew a gun and shot May, killing him.  (*People v. Maddox* (Nov. 8, 2012, B233872) [nonpub. opn.].)

An information charged Maddox with one count of first degree murder and alleged pursuant to section 12022.53, subdivision (d) that Maddox personally and intentionally used a firearm, which proximately caused great bodily injury and death.

On the firearm enhancement, the jury was instructed with CALCRIM No. 3150, which stated that to find the allegation true, the jury had to find that "the People also have proved the defendant's act caused great bodily injury to or the death of a person."  The jury was not instructed on the felony murder rule or any theory of vicarious liability.

Maddox's first jury, in a trial presided over by Judge Mike Camacho, found him not guilty of first degree murder, and

_____

[1] Undesignated statutory references will be to the Penal Code.  Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).

deadlocked on second degree murder. In Maddox's retrial, presided over by Judge Steven Blades, the jury found him guilty of second degree murder and found on the verdict form that he "personally and intentionally discharged a firearm, a handgun, which caused great bodily injury and death to Ocie Daniel May." Judge Blades sentenced Maddox to forty years to life in prison.

On October 8, 2021, Maddox filed a petition for resentencing under former section 1170.95. He checked the boxes stating that he "was convicted of 1st or 2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine," that he requested counsel, and that he "was convicted of 2nd degree murder under the natural and probable consequences doctrine or under the 2nd degree felony murder doctrine."

On November 22, 2021, Judge Camacho summarily denied the petition, without appointing counsel, on the ground that the jury found Maddox was the actual killer, making him ineligible for relief as a matter of law. In the course of denying the petition Judge Camacho made two misstatements: That he had presided over the trial in which Maddox was convicted, and that the conviction was for first degree murder. In fact, Judge Camacho presided only over the first trial, in which the jury deadlocked, and Maddox was convicted only after a second trial, and only of second degree murder.

Maddox appeals.

## DISCUSSION

Maddox contends that several procedural errors—that the petition was not assigned to his sentencing judge as required by subdivision (b)(1) of former section 1170.95; that the trial court failed to appoint counsel or wait for briefing by the prosecution

3

before denying the petition; and that the stated reasons for denying the petition were factually erroneous—mandate reversal. We disagree.

Senate Bill No. 1437 was enacted in 2018 to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) It accomplished this by amending section 188, subdivision (a)(3), to require that all principals to murder must act with express or implied malice to be convicted of that crime, except for felony murder under section 189, subdivision (e). (Stats. 2018, ch. 1015, § 2.)

For a felony murder conviction under section 189, subdivision (e), Senate Bill No. 1437 required that the defendant be the actual killer, an aider and abettor to the murder who acted with intent to kill, or a major participant in the underlying felony who acted with reckless indifference to human life. (Stats. 2018, ch. 1015, § 3.)

In 2021, the Legislature passed, and the Governor signed into law Senate Bill No. 775, which amended subdivision (a) of former section 1170.95 to permit relief for certain petitioners convicted of "attempted murder under the natural and probable consequences doctrine," resolving an ongoing issue in the courts. (Sen. Bill No. 775 (2020-2021 Reg. Sess.) at § 2.) The amended former section 1170.95, subdivision (a)(3), states that relief for individuals convicted of attempted murder may be available if they could not presently be convicted of murder or attempted

murder because of changes that Senate Bill No. 1437 made to sections 188 and 189 in 2018. (Stats. 2018, ch. 1015, §§ 2-3.)

Section 1172.6 now permits a person convicted of either murder or attempted murder under a felony murder or natural and probable consequences theory to petition the sentencing court to vacate the conviction and resentence on any remaining counts if the person could not be convicted of murder or attempted murder under the new section 188 or 189. (§ 1172.6, subd. (a).) A petition for relief under section 1172.6 must include: "(A) A declaration by the petitioner that he or she is eligible for relief under this section, based on all the requirements of subdivision (a). [¶] (B) The superior court case number and year of the petitioner's conviction. [¶] (C) Whether the petitioner requests the appointment of counsel." (§ 1172.6, subd. (b)(1).)

If the petition contains the required information, the court must appoint counsel and then conduct a prima facie analysis, with briefing by the parties, as to the petitioner's eligibility before determining whether to issue an order to show cause. (§ 1172.6, subd. (c); *People v. Lewis* (2021) 11 Cal.5th 952, 961-970 (*Lewis*).)

Here, Respondent concedes that the superior court erred in by denying Maddox's petition at the prima facie stage without appointing counsel.

However, any error is subject to review for harmless error under *People v. Watson* (1956) 46 Cal.2d 818, which asks whether it is reasonably probable that the petitioner would have obtained a more favorable outcome if counsel had been appointed and proper procedures followed. (See *Lewis*, *supra*, 11 Cal.5th at pp. 972-974.) This standard is not met where the record of conviction shows as a matter of law that the petitioner was convicted under

a theory of murder that remains valid after Senate Bill No. 1437. (*People v. Mancilla* (2021) 67 Cal.App.5th 854, 864.)

Here, the jury was given no instruction on felony murder or any theory of vicarious liability.  Instead, it was instructed on the firearm enhancement that to find the allegation true, it had to find that "the People also have proved the defendant's act caused great bodily injury to or the death of a person."  The jury so found, stating on the verdict form that Maddox "personally and intentionally discharged a firearm, a handgun, which caused great bodily injury and death to Ocie Daniel May."

By finding that enhancement true, along with the murder conviction, the jury necessarily found that Maddox was the actual killer, rendering him ineligible for relief under former section 1170.95.  (*People v. Cornelius* (2020) 44 Cal.App.5th 54, 57-58 [jury's true finding that appellant personally used and discharged a firearm in the commission of the murder within the meaning of section 12022.53 and 12022.5, subdivision (a) constitutes implicit finding that petitioner was the actual killer and thus indisputably ineligible for relief]; *People v. Garrison* (2021) 73 Cal.App.5th 735, 745.)

Therefore, any error in failing to appoint counsel and summarily denying Maddox's petition at the prima facie stage was harmless.  (*Lewis*, *supra*, 11 Cal.5th at pp. 971, 973-974.)

**DISPOSITION**

The trial court's order is affirmed.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

BENDIX, Acting P. J.

WEINGART, J.

7